UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>FRANK EDWARD ADAMS,<br><br>Defendant. | 3:18-CR-30147-RAL<br><br><br>ORDER DENYING<br>MOTION FOR DISCOVERY |

Defendant Frank Edward Adams was convicted of conspiracy to distribute methamphetamine after a jury trial. Adams appealed his conviction and sentence, and the United States Court of Appeals for the Eighth Circuit affirmed. Docs. 186, 187. Thereafter, Adams filed a pro se motion seeking, among other things, all witness statements, all transcripts, and all recorded interviews from his case. Doc. 188. This Court denied the motion. Doc. 189. Adams has now filed the same motion again. Doc. 190. Adams seeks these documents so that he "can prepare adequate defence [sic] for his Justice, Freedom, and Liberty." Doc. 190. For the reasons stated below, this Court denies the motion.

In limited circumstances, indigent defendants may obtain court transcripts free of charge to challenge their convictions and sentences under 28 U.S.C. § 2255:

> Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.

1

28 U.S.C. § 753(f). Thus, § 753(f) is not implicated unless the defendant has filed an appeal or habeas corpus petition. See United States v. Barnett, 389 F. App'x 575, 575 (8th Cir. 2010) (per curiam); United States v. Burns, No. 18-cr-0076 (WMW/TNL), 2019 WL 4440093, at *1 (D. Minn. Sept. 17, 2019). Once the defendant has filed an appeal or habeas corpus petition, he must establish that his case is not frivolous and the transcripts are needed to decide the issue presented in the appeal or habeas corpus petition. Chapman v. United States, 55 F.3d 390, 390–91 (8th Cir. 1995) (per curiam); United States v. Losing, 601 F.2d 351, 352 (8th Cir. 1979) (per curiam). The Supreme Court has upheld the constitutionality of § 753(f) as "a prisoner has no absolute right to a transcript to assist him in the preparation of a collateral attack on his conviction." United States v. Lewis, 605 F.2d 379, 379 (8th Cir. 1979) (per curiam) (citing United States v. MacCollom, 426 U.S. 317 (1976)).

Though Adams does not explicitly state that he needs certain documents to challenge his conviction under § 2255, that seems to be the thrust of his motion. However, Adams has not filed a habeas corpus petition with this Court. Indeed, Adams does not have any pending matters before this Court, and this particular criminal case is closed. Further, Adams's motion does not provide any information about the claims Adams intends to file in support of a habeas corpus petition. As such, this Court is unable to determine whether his petition would be frivolous or whether transcripts are needed to decide any issues presented by such a petition. For these reasons, Adams's request for free transcripts prior to the filing of a motion to vacate under § 2255 is premature.[1] See United States v. Arechiga, No. CR 04-10029, 2009 WL 4891713, at *1 (D.S.D.

---

[1] If Adams does file a § 2255 petition and still wishes to obtain free transcripts in relation to that petition, he must file his motion for documents in the civil § 2255 case, not the present criminal case. United States v. Casteel, No. 1:08-CR-53, 2014 WL 12935634, at *3 (S.D. Iowa May 28, 2014).

Dec. 17, 2009) (citing United States v. Long, 601 F.2d 351, 352 (8th Cir. 1979)); United States v. Franklin, No. 05–00398–01–CR–W–FJG, 2008 WL 2690300, at *1 (W.D. Mo. July 1, 2008) (citing Losing, 601 F.3d at 353).

To the extent that Adams requests these documents for some other reason other than to file an action under § 2255, Adams has not identified any legal basis on which this Court should grant his motion. See Casteel, 2014 WL 12935634, at *3 (denying defendant's motion for transcripts because there was no pending action under § 2255 or any other legal basis on which to grant the defendant's motion). After all, "an indigent criminal defendant is not entitled to a transcript at government expense without a showing of the need, merely to comb the record in the hope of discovering some flaw." United States v. Slaughter, No. CR0729711DWFJSM, 2011 WL 13141448, at *1 (D. Minn. May 31, 2011) (cleaned up) (quoting Culbert v. United States, 325 F.2d 920, 922 (8th Cir. 1964)); see also United States v. Hodge, No. CRIM. 12-7 RHK, 2013 WL 5467301, at *2 (D. Minn. Sept. 30, 2013) ("It appears to the Court that Defendant is seeking free court documents simply to peruse them, with the hope of finding something that might somehow support a collateral challenge to his conviction or sentence. However, court documents will not be provided (free of charge) for such purposes."). In sum, Adams has failed to establish that he is entitled to any of the court documents that he seeks.

Therefore, it is hereby

ORDERED that Defendant's Motion for Discovery, Doc. 190, is denied.

DATED this 22nd day of July, 2021.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE