UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>FRANK EDWARD ADAMS,<br><br>Defendant. | 3:18-CR-30147-RAL<br><br>ORDER DENYING AND DISMISSING PENDING MOTIONS |

Defendant Frank Edward Adams (Adams) was convicted of conspiracy to distribute methamphetamine after a jury trial. Adams appealed his conviction and sentence, and the United States Court of Appeals for the Eighth Circuit affirmed. Docs. 186, 187. Thereafter, Adams filed a pro se motion seeking, among other things, all witness statements, all transcripts, and all recorded interviews from his case. Doc. 188. This Court denied the motion because Adams had no pending 28 U.S.C § 2255 motion, had presented no other cause for needing such materials and such materials contained information on cooperating witnesses. Doc. 189. Adams then filed a similar motion, Doc. 190, seeking documents so that he "can prepare adequate defence [sic] for his Justice, Freedom, and Liberty." Doc. 190. This Court on November 19, 2021, denied that motion for similar reasons as well. Doc. 192.

Adams then filed another motion seeking an order directing his prior court-appointed attorney to provide him all file material, including pleadings, transcripts and discovery. Doc. 196. Referencing among other things the facts that Adams had no § 2255 case pending and that Adams's discovery and certain transcripts would contain information on cooperating witnesses, this Court

1

denied Adams's motion. Doc. 197. Adams in December of 2021 then filed a motion to compel document production, Doc. 198, a notice of appeal, Doc. 199, a motion under Rule 60 of the Federal Rules of Civil Procedure to reconsider his case, Doc. 200, and a motion to appoint counsel, Doc. 201.

On January 25, 2022, the Eighth Circuit entered a Judgment vacating this Court's November 19, 2021 order, remanding the case to this Court with instructions to dismiss that motion (Doc. 190), and denying Adams's motions seeking counsel as moot.

Although this Court could simply dismiss and deny motions without explanation, this Court will again try to explain to Adams that he needs to file a § 2255 action to proceed. Among other things, Adams wants to have a transcript of his trial sent to him, wants to have counsel presented, and wants all file materials of his prior court appointed attorney. In limited circumstances, indigent defendants may obtain court transcripts free of charge to challenge their convictions and sentences under 28 U.S.C. § 2255:

> Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.

28 U.S.C. § 753(f). Section 753(f) is not implicated unless the defendant has filed an appeal (and Adams' appeal is over with; his conviction and sentence affirmed) or habeas corpus petition (and Adams has not filed a habeas action). See United States v. Barnett, 389 F. App'x 575, 575 (8th Cir. 2010) (per curiam); United States v. Burns, No. 18-cr-0076 (WMW/TNL), 2019 WL 4440093, at *1 (D. Minn. Sept. 17, 2019). Once the defendant has filed a § 2255, habeas corpus petition or appeal, he must establish that his case is not frivolous and the transcripts are needed to decide the issue presented in the appeal or habeas corpus petition. Chapman v. United States, 55 F.3d 390,

390–91 (8th Cir. 1995) (per curiam); United States v. Losing, 601 F.2d 351, 352 (8th Cir. 1979) (per curiam). The Supreme Court has upheld the constitutionality of § 753(f) as "a prisoner has no absolute right to a transcript to assist him in the preparation of a collateral attack on his conviction." United States v. Lewis, 605 F.2d 379, 379 (8th Cir. 1979) (per curiam) (citing United States v. MacCollom, 426 U.S. 317 (1976)).

Though Adams does not explicitly state that he needs certain documents to challenge his conviction under § 2255, that seems the lone legitimate purpose of his motions. However, Adams still has not filed a § 2255 habeas corpus petition with this Court. Instead, Adams keeps filing motions in his closed criminal case, and the Eighth Circuit's Judgment of January 25, 2022, signals that these should be dismissed and denied as moot. This Court cannot determine whether any petition Adams might file would be frivolous or whether transcripts would be needed to decide any issues presented by such a theoretical petition. For these reasons, Adams's request for transcripts and other documents prior to the filing of a motion to vacate under § 2255 is premature.[1] See United States v. Arechiga, No. CR 04-10029, 2009 WL 4891713, at *1 (D.S.D. Dec. 17, 2009) (citing United States v. Long, 601 F.2d 351, 352 (8th Cir. 1979)); United States v. Franklin, No. 05–00398–01–CR–W–FJG, 2008 WL 2690300, at *1 (W.D. Mo. July 1, 2008) (citing Losing, 601 F.3d at 353).

To the extent that Adams has been requesting documents for some other reason other than to file an action under § 2255, Adams has not identified any legal basis on which this Court should grant his motion. See Casteel, 2014 WL 12935634, at *3 (denying defendant's motion for

---

[1] If Adams does file a § 2255 petition and still wishes to obtain free transcripts in relation to that petition, he must file his motion for documents in the civil § 2255 case, not the present criminal case. United States v. Casteel, No. 1:08-CR-53, 2014 WL 12935634, at *3 (S.D. Iowa May 28, 2014).

transcripts because there was no pending action under § 2255 or any other legal basis on which to grant the defendant's motion). After all, "an indigent criminal defendant is not entitled to a transcript at government expense without a showing of the need, merely to comb the record in the hope of discovering some flaw." United States v. Slaughter, No. CR0729711DWFJSM, 2011 WL 13141448, at *1 (D. Minn. May 31, 2011) (cleaned up) (quoting Culbert v. United States, 325 F.2d 920, 922 (8th Cir. 1964)); see also United States v. Hodge, No. CRIM. 12-7 RHK, 2013 WL 5467301, at *2 (D. Minn. Sept. 30, 2013) ("It appears to the Court that Defendant is seeking free court documents simply to peruse them, with the hope of finding something that might somehow support a collateral challenge to his conviction or sentence. However, court documents will not be provided (free of charge) for such purposes."). In sum, Adams has failed to establish that he is entitled to any of the court documents that he seeks.

Adams has filed a motion for relief in this criminal case under Rule 60 of the Federal Rules of Civil Procedure. Doc. 200. It is axiomatic that the Federal Rules of Civil Procedure apply to civil cases and not to criminal cases. Fed. R. Civ. P. 1. ("These rules govern the procedure in all civil cases . . ."). This is not a civil case, but is a criminal case where Adams was convicted of conspiracy to distribute methamphetamine.

Therefore, it is hereby

ORDERED that Defendant's Motion for Discovery, Doc. 190, is dismissed at the direction of the Eighth Circuit and that Adams's other pending motions, Docs. 198, 200, 201, are denied as moot and dismissed. It is finally

ORDERED that the Clerk of Court send to Adams the packet for filing a motion under 28 U.S.C. § 2255.

DATED this 1st day of February, 2022.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE