UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>FRANK EDWARD ADAMS,<br><br>Defendant. | 3:18-CR-30147-RAL<br><br><br>ORDER DENYING MOTIONS FOR RECUSAL AND APPOINTMENT OF COUNSEL |

Defendant Frank Edward Adams made motions to this Court requesting that the undersigned judge recuse himself and appoint counsel to assist Adams with a compassionate release petition. For the reasons explained below, Adams's motions are denied.

## I. Background

Adams was convicted of conspiracy to distribute methamphetamine after a jury trial. Adams appealed his conviction and sentence, and the United States Court of Appeals for the Eighth Circuit affirmed. Docs. 186, 187.

Thereafter, Adams filed a pro se motion seeking, among other things, all witness statements, all transcripts, and all recorded interviews from his case. Doc. 188. This Court denied the motion because Adams had no pending 28 U.S.C § 2255 motion, had presented no other cause for needing such materials and such materials contained information on cooperating witnesses. Doc. 189. Adams then filed a similar motion, Doc. 190, seeking documents so that he "can prepare

1

adequate defence [sic] for his Justice, Freedom, and Liberty." Doc. 190. This Court on November 19, 2021, denied that motion for similar reasons as well. Doc. 192.

Adams then filed another motion seeking an order directing his prior court-appointed attorney to provide him all file material, including pleadings, transcripts and discovery. Doc. 196. Referencing among other things the facts that Adams had no § 2255 case pending and that Adams's discovery and certain transcripts would contain information on cooperating witnesses, this Court denied Adams's motion. Doc. 197. Adams in December of 2021 then filed a motion to compel document production, Doc. 198, a notice of appeal, Doc. 199, a motion under Rule 60 of the Federal Rules of Civil Procedure to reconsider his case, Doc. 200, and a motion to appoint counsel, Doc. 201. On January 25, 2022, the Eighth Circuit entered a Judgment vacating this Court's November 19, 2021 order, remanding the case to this Court with instructions to dismiss that motion (Doc. 190), and denying Adams's motion seeking counsel as moot. This Court, at the direction of the Eighth Circuit, dismissed Adams's Motion for Discovery, Doc. 190, and denied Adams's other pending motions, Docs. 198, 200, 201, as moot. Doc. 207. This Court also ordered the Clerk of Court to send Adams the packet for filing a motion under 28 U.S.C. § 2255. Doc. 207.

Adams now files two motions for recusal of the undersigned judge, Docs. 213, 216, a separate motion to appoint counsel to assist him with a compassionate release petition, Doc. 214, and a filing that was categorized as a motion for compassionate release, Doc. 215, but that largely repeats his request for counsel to assist him with such a motion. In response, the Office of the Federal Public Defender ("FPD") filed notice that it had categorized Adams's motion for compassionate release as "LOW PRIORITY" and that it did not intend to submit a supplemental brief on his behalf. Doc. 217. The United States provided health records per Standing Order 20-06. Doc. 218. For the following reasons, this Court denies Adams's motions for recusal and

appointment of counsel but defers to the FPD on whether it wishes to work with Adams on presentation of a motion for compassionate release.

## II. Discussion

Regarding Adams's motion for recusal, "Title 28, U.S.C. § 455 dictates the circumstances in which a judge must disqualify himself in a proceeding." In re Kansas Pub. Emps. Ret. Sys., 85 F.3d 1353, 1358 (8th Cir. 1996) [hereafter In re KPERS]. Subsection 455(a) requires that a United States judge disqualify himself[1] "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Subsection 455(b)(1) requires a judge recuse himself when "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). The Eighth Circuit applies "an objective standard of reasonableness in determining whether recusal is required," Am. Prairie Constr. Co. v. Hoich, 560 F.3d 780, 789 (8th Cir. 2009), and has recast the issue as "whether the judge's impartiality might reasonably be questioned by the average person on the street who knows all the relevant facts of a case." In re KPERS, 85 F.3d at 1358.

The party seeking recusal bears a substantial burden as a judge is presumed to be impartial. United States v. Minard, 856 F.3d 555, 557 (8th Cir. 2017); United States v. Denton, 434 F.3d 1104, 1111 (8th Cir. 2006). "An unfavorable judicial ruling . . . does not raise an inference of bias or require the trial judge's recusal." Harris v. Missouri, 960 F.2d 738, 740 (8th Cir. 1992). "In order to establish bias or prejudice from in court conduct, a party must show the judge had a

---

[1] Presently close to one-third of federal judges are female, but this Court uses the male pronoun as in § 455. That statute dates back to 1948 when the male pronoun sadly reflected that all federal district judges were men. President Harry S. Truman in 1949 nominated Burnita Shelton Matthews to serve as the first female federal district judge. Women's History Month, U.S. COURTS, https://www.uscourts.gov/about-federal-courts/educational-resources/annual-observances/womens-history-month (last accessed June 8, 2022).

disposition so extreme as to display a clear inability to render a fair judgment." Am. Prairie Constr. Co., 560 F.3d at 790 (cleaned up and citation omitted). Even "expressions of impatience, dissatisfaction, annoyance, and even anger are not sufficient to require recusal." United States v. Delorme, 964 F.3d 678, 681 (8th Cir. 2020) (cleaned up and citation omitted).

Adams fails to establish any actual or perceived bias by the undersigned judge that would require recusal. No doubt Adams disagrees with this Court's orders denying his previously filed motions; however, the Court attempted to explain in good faith how to navigate filing a § 2255 petition as a pro se litigant even when it simply could have denied Adams's motions without explanation at the direction of the Eighth Circuit. See Doc. 207 at 2. This Court also ordered the Clerk of Court to send Adams a packet on filing a § 2255 motion. Doc. 207. His latest motions contain a litany of baseless and false allegations against the undersigned and provide utterly no support for any such allegations. See Docs. 213, 216. Concocted allegations do not equate to a basis for a reasonable person to view the undersigned's disposition as so extreme as to render fair judgment impossible. Therefore, Adams's motions for recusal are denied.

Regarding Adams's request for counsel to assist him with preparation of a compassionate release petition, Adams fails to demonstrate unique reasons[2] justifying appointment beyond what is already required by this District's standing orders on preparation of a compassionate release petition.[3] According to Amended Standing Order 20-06, the Court automatically appoints the FPD

---

[2] See Short v. United States, No. 4:14-CR-00273-BLW, 2021 WL 27235, at *2 (D. Idaho Jan. 4, 2021) ("Defendant has no right to the appointment of counsel, and a motion for compassionate release does not entail complex issues of law or fact that would prevent Defendant from prevailing without the assistance of counsel. Indeed, the requirements for compassionate release are set forth plainly in 18 U.S.C. § 3582(c)(1)(A).").

[3] Appointment of counsel to assist with compassionate release petitions is not required by the Constitution or statute. United States v. Tovar, No. 3:12-CR-31-5, 2020 WL 3578579, at *6 (D.N.D. July 1, 2020).

to "represent all defendants in criminal cases: (a) who previously were determined to be entitled to appointment of counsel or who are now indigent; and (b) who may be eligible to seek compassionate release under the First Step Act."  Amended Standing Order 20-06, Establishing a Procedure for Compassionate Release Motions Under the First Step Act, (Oct. 21, 2020); see also United States v. Feather, No. 3:99-CR-30092-CBK, 2022 WL 704125, at *2 (D.S.D. Mar. 9, 2022). It is between Adams and the FPD whether the FPD will support his petition and represent him in the preparation of a motion for compassionate release.  The FPD has noticed that it does not intend to support Adams's motion with a supplemental brief.  Doc. 217.  Therefore, for good cause, it is

ORDERED that Adams's motions for recusal, Docs. 213, 216, are denied.  It is further

ORDERED that Adams has 30 days from the date of this order to supplement his motion for compassionate release if he wishes to do so.  It is further

ORDERED that Adams's motion for appointment of counsel, Doc. 214, is denied without prejudice to refiling once the United States has submitted its response and record regarding Adams's motion for compassionate release.

DATED this 13th day of June, 2022.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE