UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>FRANK EDWARD ADAMS,<br><br>Defendant. | 3:18-CR-30147-RAL<br><br>OPINION AND ORDER DENYING SECOND MOTION TO EXTEND TIME TO FILE § 2255 MOTION BUT OPENING NEW 2255 CASE TEMPORARILY |

Frank Edward Adams (Adams) for the second time has filed a motion to extend his deadline to file a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his criminal conviction for conspiracy to distribute a controlled substance. Doc. 234; see Docs. 232, 233. Adams claims that extraordinary circumstances could prevent him from meeting his one-year deadline to file a § 2255 motion. Adams has not filed an actual § 2255 motion, but requests only an extension to file such a motion. For the reasons set forth below, this Court denies Adams's second motion for an extension to file a § 2255 motion, but directs the Clerk of Court to temporarily open a new civil case as if Adams had filed a 28 U.S.C. § 2255 motion.

**I. Facts**

In August 2019, a jury found Adams guilty of one count of conspiracy to distribute. Doc. 128. After being sentenced in November 2019, Doc. 164, Adams made a timely appeal, Doc. 165. The judgment of the district court was affirmed, Doc. 187, and the United States Court of Appeals for the Eighth issued its mandate August 9, 2021, Doc. 194. Adams then moved for an order

1

directing his attorney to produce his client file, Doc. 196, which was denied by the district court, Doc. 197. On appeal, the Eighth Circuit remanded with instructions to dismiss the motion, Doc. 206, and issued its mandate on March 1, 2022, Doc. 210. Adams thereafter filed several motions, including two to recuse, Doc. 216; Doc. 219, to appoint counsel, Doc. 214, and to direct counsel to produce his file, Doc. 197. These motions were denied, Doc. 197; Doc. 222, and appealed, Doc. 223; Doc. 224. The Eighth Circuit refused to grant Adams relief, Doc. 230, and the Eighth Circuit issued its mandate on August 18, 2022, Doc. 231. Adams then filed his first motion to extend time to file his § 2255 motion. Doc. 232. This Court on September 27, 2022, denied the motion, finding that it could not order an extension until a § 2255 motion was actually filed, and ordered the § 2255 motion packet be sent to him. Doc. 233. Perhaps before receiving or perhaps ignoring this Court's prior order, Adams on October 7, 2022, filed a second motion to extend filing his § 2255 motion. Doc. 234.

Adams requests that his deadline to file a § 2255 motion be extended by sixty to ninety days. Specifically, Adams states that his § 2255 research was thrown out during a prison transfer and that lockdowns and a lack of access to his case file have further hampered his ability to file a § 2255 motion. Doc. 234 at 1. For the same reasons detailed in Docket 233, Adams's motion is denied.

## II. Discussion

Section 2255(a) states:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Courts interpret arguments in a pro se motion broadly. Sappington v. United States, 523 F.2d 858, 860 (8th Cir. 1975) (per curiam). Under 28 U.S.C. § 2255, a person in federal custody has one year from "the date on which the judgement of conviction becomes final" to make the motion. 28 U.S.C. § 2255(f). When a defendant files a direct appeal, this time begins after the period to file a petition for certiorari expires. Clay v. United States, 537 U.S. 522, 525 (2003). Thus, the party has either one year and ninety days from the entry of judgment or one year sixty-nine days from the issuance of the mandate to file a § 2255 motion. Id.; U.S. SUP. CT. R. 13 ("[A] petition for a writ of certiorari . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment."). This one-year time limit "is a statute of limitation and not a jurisdictional bar." Moore v. United States, 173 F.3d 1131, 1134 (8th Cir. 1999). A court can equitably toll such a limitations period for extraordinary circumstances. Muhammad v. United States, 735 F.3d 812, 815 (8th Cir. 2013) (quoting Holland v. Florida, 560 U.S. 631, 649 (2010)); see also United States v. Martin, 408 F.3d 1089, 1093 (8th Cir. 2005).

As this Court has previously held, however, "a court's determination of whether to grant equitable tolling can only occur upon the filing of the § 2255 motion." United States v. Red Legs, 3:19-CR-030073, 2022 WL 3585150, at *2 (D.S.D. Aug. 22, 2022) (citing United States v. Poole, No. CR13-30003, 2015 WL 13283253, at *1 (N.D. Iowa July 6, 2015)). The basis for this requirement is that "a federal court lacks jurisdiction to consider the timeliness of a § 2255 petition until a petition is actually filed." United States v. Anderson, No. 03-426, 2007 WL 2973838, at *1 (D. Minn. Oct. 9, 2007) (cleaned up and citations omitted). Without a petition to examine, any opinion as to the timeliness of the petition would be advisory and thus presents a non-justiciable question. Id. Though the Eighth Circuit has not previously addressed this question, most circuit courts have found similarly. See United States v. Leon, 203 F.3d 162, 164 (2d Cir. 2000) (per

curiam) (stating that the court lacks jurisdiction to consider the timeliness of a § 2255 petition until it is filed); United States v. White, 257 Fed. App'x 608, 609 (4th Cir. 2007) (per curiam) (same); United States v. McFarland, 125 Fed. App'x 573, 574 (5th Cir. 2005) (per curiam) (same); United States v. Moore, 56 Fed. App'x 686, 687 (6th Cir. 2003) (same); Swichkow v. United States, 565 Fed. App'x 840, 843–44 (11th Cir. 2014) (per curiam) (same). But see United States v. Thomas, 713 F.3d 165, 169 (3rd Cir. 2013) (finding that a § 2255 motion is a continuation of the underlying criminal case, which satisfies the justiciability requirement under Article III of the U.S. Constitution). Within the Eighth Circuit, other district courts, including this one, have followed the approach that such an issue of equitable tolling is not ripe until a § 2255 motion is filed. Red Legs, 2022 WL 3585150, at *2–3 (dismissing a motion for extension to file a § 2255 motion based on lack of justiciability); Howard v. United States, No. 4:10CV300, 2010 WL 1424026, at *1 (E.D. Mo. Apr. 9, 2010) (same); Anderson, 2007 WL 2973838, at *1 (same); Poole, 2015 WL 13283253, at *1 (dismissing a motion for leave to file a late petition based on a lack of justiciability).

However, a motion for an extension can be considered a § 2255 motion if it contains sufficient grounds for a claim. Howard, 2010 WL 1424026, at *1. Because pro se motions are to be interpreted broadly, Sappington, 523 F.2d at 860, "a district court should first view the motion liberally and determine whether it may be construed as a § 2255 motion" before dismissing the motion for an extension, Howard, 2010 WL 1424026, at *1. To be construed as a § 2255 motion the motion should identify colorable grounds for relief and some summary of a factual basis for the asserted grounds for relief. See Anderson, 2007 WL 2973838, at *1 (citations omitted). Without such information, the motion for an extension of time for equitable tolling cannot be considered a § 2255 motion. Id. at *1-2 (finding that a motion "for an extension of ninety[](90)[]

4

day[s] to prepare and file [defendant's] § 2255 motion" was insufficient to be construed as a § 2255 motion "even with the benefit of liberal construction").

Adams filed only the motion to extend, not any § 2255 motion. Doc. 234. Even broadly interpreting Adams's motion for an extension, it does not qualify as a § 2255 motion because it fails to specify any claimed grounds for relief available, let alone any factual basis for those grounds. See id. at 1. Additionally, Adams requests an "extension of time to file motion (2255)," id., which indicates he did not intend his request to be interpreted as a § 2255 motion. Instead, any facts alleged indicate why equitable tolling should be applied to this case. Id. Because no motion was filed, any opinion rendered relating to extending the limitations period would be advisory. Thus, the Court must deny the motion for an extension.

Adams first appealed his judgment and conviction in 2019. Doc. 165. The Eighth Circuit then affirmed his sentence and issued its mandate on this issue August 9, 2021. Doc. 194. Thus, Adams had to petition for certiorari no later than October 18, 2021.[1] The plain language of § 2255 indicates that the one-year limitations period begins to run once "judgement of conviction becomes final." 28 U.S.C. § 2255(f). Adams's conviction was "final" within the meaning of § 2255(f) when he failed to petition for certiorari in October 2021, notwithstanding his other motions and appeals on various other issues. As such, his deadline to file a § 2255 motion is October 18, 2022. Thus, Adams's § 2255 deadline is quickly approaching. Indeed, the deadline almost certainly will pass before Adams receives this decision. Regardless, as this Court has previously explained, until an actual § 2255 motion is filed, this matter is not ripe for the court to consider an equitable tolling argument.

---

[1] This Court previously indicated that Adams's deadline to file a petition for certiorari was October 17, 2021. Doc. 233 at 5. However, as October 17, 2021, fell on a Sunday, Adams would have had until the following Monday, October 18, 2021, to file his petition.

5

In the prior decision last month, this Court explained that Adams still had options regarding his § 2255 motion. Adams could have filed a § 2255 motion and then moved to amend the filing once he regathers his research. A worse alternative would have been for Adams to file the motion late, together with a motion for equitable tolling to raise the arguments he set forth.

Because Adams was likely between Bureau of Prisons' facilities, Adams probably had not received this Court's prior ruling. So this Court will make an exceptional accommodation for Adams. This Court will direct the Clerk of Court to open a § 2255 file for Adams now and will forego the requisite screening of the case for 45 days to allow Adams to file an actual § 2255 motion. The Clerk of Court is directed to include the § 2255 packet with this decision. For reasons explained above, Adams's present motion does not actually seek § 2255 relief so it likely will not survive screening. So Adams will have to file a § 2255 motion within the next 45 days.

### III. Conclusion and Order

For the reasons explained above, it is hereby

ORDERED that Adams's motion for an extension to file a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence, Doc. 234, is denied. It is further

ORDERED that the Clerk of Court mail this opinion and order with a packet for filing a § 2255 motion to Adams. It is finally

ORDERED that the Clerk of Court open a new civil 28 U.S.C. § 2255 case for Adams by filing Doc. 234 and this opinion and order. This Court will defer screening and dismissal of that case by 45 days (until November 28, 2022) to allow Adams to file an actual § 2255 motion.

DATED this 14th day of October, 2022.

                BY THE COURT:

                _____
                ROBERTO A. LANGE
                CHIEF JUDGE