UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>FRANK EDWARD ADAMS,<br><br>Defendant. | 3:18-CR-30147-RAL<br><br>OPINION AND ORDER ON SECOND MOTION FOR RECUSAL AND EVIDENTIARY HEARING |

Defendant Frank Edward Adams has a pending motion for compassionate release in this case and separately has a pending 28 U.S.C. § 2255 petition in 22-CV-3015-RAL. This Court now addresses a couple of motions filed in this case separately.

**I.   Background**

Adams was convicted of conspiracy to distribute methamphetamine after a jury trial. Adams appealed his conviction and sentence, and the United States Court of Appeals for the Eighth Circuit affirmed. Docs. 186, 187.

Adams has filed many motions since the Eighth Circuit affirmed his conviction and sentence. Docs. 188, 190, 196–201, 213, 215–16. This Court deemed one motion, Doc. 215, as seeking compassionate release and denied two separate motions that sought recusal, Docs. 213, 216, of the undersigned judge. In addition to the compassionate release motion on which this Court has yet to rule, Adams has filed a document by which he seeks appellate review of the denial of recusal, Doc. 228, a motion for evidentiary hearing, Doc. 237, and a motion for extension of

1

time, Doc. 242, which plainly should have been filed in his § 2255 case of 22-CV-3015-RAL. This Court has directed the Clerk of Court to re-file the motion to extend time, Doc. 242, in the § 2255 case and is granting that motion.

The Office of the Federal Public Defender ("FPD") previously filed notice that it had categorized Adams's motion for compassionate release as "LOW PRIORITY" and that it did not intend to submit a supplemental brief on his behalf. Doc. 217. The United States provided health records per Standing Order 20-06. Doc. 218. This Court will get to the merits of that motion, ut wants to address the subsequently filed motions first. To the extent Adams's latest motion to recuse seeks reconsideration from this Court of the decision not to recuse, this Court denies Adams's motion for recusal and denies the motion for evidentiary hearing in this case.

## II. Discussion

Regarding Adams's ongoing requests for recusal, "Title 28, U.S.C. § 455 dictates the circumstances in which a judge must disqualify himself in a proceeding." In re Kansas Pub. Emps. Ret. Sys., 85 F.3d 1353, 1358 (8th Cir. 1996) [hereafter In re KPERS]. Subsection 455(a) requires that a United States judge disqualify himself[1] "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Subsection 455(b)(1) requires a judge recuse himself when "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). The Eighth Circuit applies "an objective standard of reasonableness in determining whether recusal is required," Am.

---

[1] Presently close to one-third of federal judges are female, but this Court uses the male pronoun as in § 455. That statute dates back to 1948 when the male pronoun sadly reflected that all federal district judges were men. President Harry S. Truman in 1949 nominated Burnita Shelton Matthews to serve as the first female federal district judge. *Women's History Month*, U.S. COURTS, https://www.uscourts.gov/about-federal-courts/educational-resources/annual-observances/womens-history-month (last accessed June 8, 2022).

2

Prairie Constr. Co. v. Hoich, 560 F.3d 780, 789 (8th Cir. 2009), and has recast the issue as "whether the judge's impartiality might reasonably be questioned by the average person on the street who knows all the relevant facts of a case." In re KPERS, 85 F.3d at 1358.

The party seeking recusal bears a substantial burden as a judge is presumed to be impartial. United States v. Minard, 856 F.3d 555, 557 (8th Cir. 2017); United States v. Denton, 434 F.3d 1104, 1111 (8th Cir. 2006). "An unfavorable judicial ruling . . . does not raise an inference of bias or require the trial judge's recusal." Harris v. Missouri, 960 F.2d 738, 740 (8th Cir. 1992). "In order to establish bias or prejudice from in court conduct, a party must show the judge had a disposition so extreme as to display a clear inability to render a fair judgment." Am. Prairie Constr. Co., 560 F.3d at 790 (cleaned up and citation omitted). Even "expressions of impatience, dissatisfaction, annoyance, and even anger are not sufficient to require recusal." United States v. Delorme, 964 F.3d 678, 681 (8th Cir. 2020) (cleaned up and citation omitted).

Adams fails to establish any actual or perceived bias by the undersigned judge that would require recusal. No doubt Adams disagrees with this Court's orders denying his previously filed motions and generally with the fact that he was convicted and sentenced in this case. However, this Court has attempted to explain in good faith to Adams how to navigate filing a § 2255 petition as a pro se litigant even when it simply could have denied Adams's motions without explanation at the direction of the Eighth Circuit. See Doc. 207 at 2. This Court also ordered the Clerk of Court to send Adams a packet on filing a § 2255 motion. Doc. 207. Adams at last has filed such a case at 22-CV-3015-RAL on which this Court has yet to rule. Adams has presented nothing more than allegations that the undersigned is unfair to him, and those allegations do not amount to a basis for a reasonable person to view the undersigned's disposition as so extreme as to render a

fair judgment impossible. Therefore, Adams's motion to appeal denial of recusal is denied by this Court without prejudice to raising the issue with the Eighth Circuit later.

Regarding Adams's motion for evidentiary hearing, Doc. 237, Adams fails to demonstrate unique reasons for an evidentiary hearing on the requested compassionate release and already has sought such a hearing in his § 2255 case. Therefore, for good cause it is

ORDERED that Adams's motion to reconsider or appeal recusal, Doc. 228, is denied without prejudice to the Eighth Circuit considering the issue on appeal. It is finally

ORDERED that Adams's motion for evidentiary hearing, Doc. 237, is denied in this case, but the Clerk of Court is directed to file the remaining motion to extend time to respond, Doc. 242, in the § 2255 case of 22-CV-3015-RAL with administrative termination of that motion in this case.

DATED this 2nd day of March, 2023.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE